**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL COX,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NORTH KERN STATE PRISON OFFICIALS, *et al.*,<br><br>　　　　Defendants. | Case No. 1:21-cv-00860-NONE-BAM (PC)<br><br>ORDER GRANTING MOTION TO AMEND COMPLAINT<br><br>(ECF No. 4)<br><br>**THIRTY (30) DAY DEADLINE** |

　　Plaintiff Donnell Cox ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the $402.00 filing fee or submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and the complaint has not yet been screened. As discussed in the Court's June 1, 2021 order directing Plaintiff to submit an application to proceed *in forma pauperis* or pay the filing fee within forty-five days, failure to comply with that order will also result in dismissal of this action, notwithstanding the Court granting Plaintiff's instant motion. (ECF No. 3.) <u>Nothing in this order relieves Plaintiff of his obligation to comply with the Court's June 1, 2021 order</u>.

　　Currently before the Court is Plaintiff's request to amend the complaint to add the names of certain defendants, filed June 10, 2021. (ECF No. 4.) Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time

1

before a responsive pleading is served.  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires."  *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted).  However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile."  *Id.*

In his motion, Plaintiff states merely that he would like to amend his complaint to add the names of certain defendants.  (ECF No. 4.)  In considering the relevant factors, the Court finds no evidence of prejudice, bad faith, undue delay in litigation, or futility.  Plaintiff's complaint has not yet been screened and no defendants have been served or have appeared in this action.  Accordingly, Plaintiff's motion to amend shall be granted.

Plaintiff's first amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.  *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.  This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend the complaint, (ECF No. 4), is GRANTED;
2. The Clerk's Office shall send Plaintiff a complaint form;

3. Plaintiff's first amended complaint is due within **thirty (30) days** from the date of service of this order; and

4. **If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to prosecute and failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **June 14, 2021**          /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE