# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL COX, | Case No. 1:21-cv-00860-NONE-BAM (PC) |
| Plaintiff, | ORDER GRANTING MOTION TO AMEND COMPLAINT<br>(ECF No. 13) |
| v. | |
| NORTH KERN STATE PRISON OFFICIALS, | ORDER VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITHOUT PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE<br>(ECF No. 12) |
| Defendant. | |
| | **THIRTY (30) DAY DEADLINE** |

Plaintiff Donnell Cox ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 15, 2021, the Court granted Plaintiff's motion to amend the complaint and ordered Plaintiff to file a first amended complaint within thirty (30) days. (ECF No. 7.) Following Plaintiff's failure to file a first amended complaint, the Court issued findings and recommendations on August 2, 2021 to dismiss this action, without prejudice, due to Plaintiff's failure to obey a court order and failure to prosecute. (ECF No. 12.) Those findings and recommendations are currently pending.

On August 11, 2021, Plaintiff filed a notice of change of address and a motion to amend the complaint. (ECF No. 13.) As in his first motion to amend, Plaintiff merely includes a list of

names of individuals he would like to add as defendants in this action.  (*See* ECF No. 4.)

As it appears Plaintiff is still involved in pursuing this lawsuit, the Court will grant Plaintiff's request to file an amended complaint adding defendants to this action.  Accordingly, the Court finds it appropriate to vacate the pending findings and recommendations, issued on August 2, 2021.  (ECF No. 30.)  After Plaintiff files the first amended complaint, it will be screened in due course.

Plaintiff's first amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.  This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

**Plaintiff's first amended complaint must include factual allegations against the new and any original defendants Plaintiff wishes to include in this lawsuit.  Plaintiff may not simply submit another list of names of individuals he wants to sue.**  The Clerk of the Court will provide a complaint form Plaintiff may use for his first amended complaint.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for leave to amend, (ECF No. 13), is GRANTED;
   a. Plaintiff is granted **thirty (30) days** from the date of service of this order in which to file a first amended complaint;
   b. The Clerk's Office shall send Plaintiff a complaint form; and

     c. **If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to prosecute and failure to obey a court order**; and

2. The findings and recommendations issued on August 2, 2021, (ECF No. 12), are VACATED.

IT IS SO ORDERED.

    Dated:   **August 17, 2021**                           /s/ *Barbara A. McAuliffe*
                                                                       UNITED STATES MAGISTRATE JUDGE