# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL COX,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NORTH KERN STATE PRISON OFFICIALS,<br><br>　　　　Defendant. | Case No. 1:21-cv-00860-NONE-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>ECF No. 17<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Donnell Cox ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a complaint on May 28, 2021. On June 15, 2021, the Court granted Plaintiff's motion to amend the complaint and ordered Plaintiff to file a first amended complaint within thirty (30) days. (ECF No. 7.) The Court screened Plaintiff's first amended complaint, filed on September 3, 2021, and granted leave to amend. (ECF NO. 15, 16.) Plaintiff's second amended complaint, filed on October 4, 2021, is currently before the Court for screening. (ECF No. 17.)

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at San Quentin State Prison. The allegations in the second amended complaint occurred while Plaintiff was housed at North Kern State Prison. Plaintiff names the following defendants: (1) Kelly Santoro, Warden, (2) Sous Villasenor, correctional officer, (3) Verouzzo, correctional officer, (4) J. Tangen, sergeant correctional officer, and (5) Gaworski, correctional officer.

In claim 1, Plaintiff alleges a denial of medical care; however, it is a claim for excessive force. Plaintiff alleges as follows. While in R&R to be housed, an inmate named David Singh was accusing Plaintiff of being a sex offender. All of a sudden, he swung and punched Plaintiff in his face. Plaintiff defended himself after he sat on Plaintiff's face. Plaintiff ran at David Singh. The alarms went off. Plaintiff had David Singh hemmed up against the wall slugging punching or trying to fend for himself after being spit on. All of a sudden, Plaintiff was holding David Singh up against the wall. Plaintiff heard an officer say, "let him go." At that time, Plaintiff was filled with too much anger. After "they" repeatedly warned Plaintiff to "let him go," Plaintiff was mased in the face. Plaintiff released David Singh, but could not see from the

burning sensation of the mase.  Next thing Plaintiff knew, he was tackled, kicked and stomped on. One officer slapped Plaintiff in the face.  Plaintiff was maliciously beat by the lead correctional officers.  Plaintiff was not handcuffed when they lifted Plaintiff up or picked him up and partly dragged him 60 feet.  Plaintiff was hollering.  One correctional officer yelled "shut up nigger boy."  They finally cuffed him as he was laying down. They stood him up and shoved him in a cage and mased him again. He was denied medical treatment afterwards.

In claim 2, Plaintiff alleged that the library has been closed violating his Due Process rights.

Plaintiff seeks damages.

### III. Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983. Despite being provided the relevant legal and pleading standards, Plaintiff has been unable to cure the deficiencies.

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly state what happened, when it happened or who was involved. Plaintiff's allegations must be based on facts as to what happened and not conclusions. Plaintiff was advised that an amended complaint should be a short and plain statement of his claims, and must include factual allegations identifying what happened, when it happened and who was involved. Fed. R. Civ. P. 8.  Plaintiff has been unable to cure this deficiency.

**B. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode*, 423 U.S. 362, (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

As in the first amended complaint, Plaintiff's second amended complaint fails to link Defendants any to potential constitutional violations.  Plaintiff does not name the individual defendants and allege what each defendant did or did not do that resulted in a violation of his constitutional rights. Plaintiff was informed that if he is unable to name what each individual defendant did because he had been pepper sprayed, he must, to the best of his ability, in any amended complaint, allege what each individual defendant did or did not do that caused the asserted deprivation. Plaintiff has failed to link any defendant to the events in the second amended complaint.  Plaintiff has been unable to cure the deficiency.

**C. Supervisor Liability**

Insofar as Plaintiff is attempting to sue any defendant, based solely upon his or her supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must... demonstrate that his deprivation resulted from an official policy or custom established by a... policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's conclusory statements, without factual support, are insufficient to state a cognizable claim of supervisory liability. *See Iqbal*, 556 U.S. at 678. Plaintiff has failed to allege facts to support that any supervisory Defendant participated in or directed the violations, or knew of the violations and failed to act to prevent them. Plaintiff also has failed to plead facts showing that any policy was a moving force behind the alleged constitutional violations. See *Willard v. Cal. Dep't of Corr. & Rehab.*, No. 14-0760, 2014 WL 6901849, at *4 (E.D. Cal. Dec. 5, 2014) ("To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a 'direct causal link' between that policy and the alleged constitutional deprivation.").

**D. Excessive Force**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S.

5

Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Ingraham v. Wright*, 430 U.S. 651, 670 (1977); *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley*, 475 U.S. at 319.

However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition of de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (citations and quotations omitted); *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries). What violates the Eighth Amendment is "the unnecessary and wanton infliction of pain," i.e., infliction of suffering that is "totally without penological justification." *Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321–22.

Plaintiff does not state a claim. Plaintiff alleges that he was engaged in a fight with another prisoner and refused multiple commands to "let him go," at which time Plaintiff was mased. As alleged, some of the initial force was applied in a good faith effort to maintain or resort discipline. At some point, the force may have been excessive, such as being mased in a

standup cage and handcuffed. But, as stated above, Plaintiff does not allege who was involved in the incident or who did what in the incident. While Plaintiff alleges he was pepper sprayed and could not see, he does not allege that any of the named defendants were present and involved. As currently alleged, there are no facts that any of the defendants were present or were involved in the incident. Plaintiff has been given the legal and pleading standards but has been unable to cure this deficiency.

### E. Deliberate Indifference to Serious Medical Need

To allege a claim of deliberate indifference, plaintiff must show he had a serious medical need and defendants were deliberately indifferent to that need. A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' " *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To show deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must actually draw that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant will be liable for violating the Eighth Amendment if he knows that a plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842.

Plaintiff fails to state a cognizable claim. Plaintiff alleges that he was beat up but does not allege he suffered injuries and if he did, what his injuries were and that he was in need of medical care. Further, Plaintiff fails to allege that each defendant was aware of a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. Plaintiff fails to include any factual allegations that Defendants knew about his condition and what actions

each Defendant did or did not take.  Plaintiff has been unable to cure this deficiency.

### F. Library Claim

Plaintiff added a new claim to his second amended complaint related to the library closure due to COVID. In the Court's screening order, Plaintiff was informed that Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  The Court declines to spend further judicial resources on a claim newly added, for which Plaintiff failed to include any factual allegations.

### IV. Conclusion and Order

Plaintiff's second amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief.  Despite being provided with relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint by amendment, and thus further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

For the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed based on Plaintiff's failure to comply with Federal Rule of Civil Procedure 8 and failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __October 8, 2021__          /s/ *Barbara A. McAuliffe*  
                                      UNITED STATES MAGISTRATE JUDGE